**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

------------------------------------------------------------------

In re:                                                  :
                                                        :
GLENN RANDOLPH MOORE                  :           Case No. 24-33168
JENNIFER MICHELLE FERGUSON MOORE,   :           Chapter 12
                                                        :
        Debtors.                                    :
------------------------------------------------------------------

### CHAPTER 12 PLAN OF REORGANIZATION
### OF GLENN RANDOLPH MOORE AND
### JENNIFER MICHELLE FERGUSON MOORE

The debtors and debtors in possession (collectively the "**Debtors**" or the "**Moores**")

submit this Chapter 12 Plan (the "**Plan**") pursuant to 11 U.S.C. § 1221. As set forth in detail

below, the Plan provides for the treatment of the allowed claims against the Debtors over a plan

period not to exceed five (5) years.

**Introduction & Background**

A.      **Background of Debtor's Business, Expected Real Estate Transactions and**

**Remaining Real Estate Interests.**  The Debtors began farming their own land on or about 2010.

In 2023, they leased their farmland to RPM Farms LLC ("**RPM**"), an entity owned by their son,

Ryan Moore, and continued to work on the farmland with their son.  The Debtors have continued

to provide farming-related services to RPM and have obtained the Court's approval for the sale

of the bulk of their real estate interests (the "**Contracted Real Estate**") to Ole South Farm LLC

(**OSF**"), another entity owned by their son.  Through and following the sale of the Contracted

David Cox VSB 38670
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434/845-3838 (direct)
434/845-3838 (facsimile)
david@coxlawgroup.com
*Counsel for the Debtors*

Real Estate, the Debtors have an agreement with RPM to continue to provide and be compensated for farming-related services.

Upon the closing of the sale of the Contracted Real Estate, the remaining real property interests owned by the Debtors individually will be limited to the following parcels at Tax Map: 44A-1-4 and at Tax Map 44A-1-5 (the "**Remaining Real Estate**") which is jointly owned by Glenn Randolph Moore and his brother, Donald Moore.  The Remaining Real Estate has a total value of $18,800.00, with Debtor Glenn Randolph Moore's share being $9,400.00 and fully encumbered by the recorded judgment and tax liens in favor of the creditors in Classes 3, 5 and 6 (see Article II of the Plan).

B.      **Sale of Contracted Real Estate Pursuant to § 1206 and the Assumption and Assignment of Contract Pursuant to § 365**.  By Order entered November 14, 2024 (the "**Sale Order**" at Dkt No. 29), the Court granted the Debtors' motion (the "**Motion**" at Dkt No. 24) seeking authority to sell to OSF the Contracted Real Estate pursuant to 11 U.S.C. § 1206 and as part of that transaction also to assume and assign to OSF an option agreement contract pursuant to 11 U.S.C. § 365 (collectively, the sale of the Contracted Real Estate and the assumption and assignment of the Option are the "**OSF Transaction**").  As of the date of filing of this Plan, the OSF Transaction has not completed and closed; however, upon information and belief of the Debtors, the OSF Transaction will close prior to confirmation hearing that will be set on the Debtors' plan pursuant to § 1224.

C.      **Liquidation Analysis.**  In a liquidation of the Debtors in a chapter 7 case, the Debtors estimate that non-priority unsecured creditors would receive no distribution, that is, **0.00%** of their allowed claims.   By contrast, holders of allowed unsecured claims are projected to receive more from this Plan than they would receive in a chapter 7 liquidation of the Debtor's

assets.  Under this plan, the Debtors estimate that non-priority unsecured creditors in Class 9 would share, pro rata, the distribution of approximately a total of **$33,744.58**, which will result in an approximate distribution of  **1%** of the expected allowed general unsecured claims based on claims as currently filed.  However, the foregoing percentage may vary from the estimated amount based on the allowance of the claims filed in this case under 11 U.S.C. § 502, the treatment of claims under 11 U.S.C. § 1232, the allowance of administrative claims, or for other reasons that may impact Plan distributions.

D.      **Ability to Make Plan Payments.**  The Debtors believe that their projected disposable income, as indicated in the attached Amended Schedules I & J (filed with the Court on November 25, 2024, at Dkt No. 31), and the restructuring of their obligations pursuant to this Plan will enable them to make all of the future payments required under this Plan.

## ARTICLE I

### Plan Payments, Plan Period,
### Plan Funding, and Chapter 12 Compensation

**1.1     Plan Payments to Chapter 12 Trustee**.   The Debtors shall make the following payments ("**Plan Payments**") to the Chapter 12 Trustee ("**Chapter 12 Trustee**" or "**Trustee**"):

| Amount | Start Date | Payee |
|---|---|---|
| $6,010.00 per month | December 15, 2024 | Chapter 12 Trustee |

**1.2     Plan Period and Plan Funding**.  The above payments shall continue for 54 months (the "**Plan Period**") for a total plan funding ("**Plan Funding**") of $324,540.00.

**1.3** **Chapter 12 Trustee Compensation.** Angela M. Scolforo was appointed the Chapter 12 Trustee on August 27, 2024 (Dkt No. 7). Consistent with § 330(a)(7), 326(b), and 1226(a), the Trustee shall be paid: (i) a five per cent commission applied against Plan Payments for acting as Trustee in a Chapter 12 case, and (ii) an additional five percent reimbursement applied against Plan Payments for expenses as an administrative expense pursuant to 11 U.S.C. §§ 330(a) and 503(b)(2) (collectively, the "**Trustee Compensation**").

## ARTICLE II

### Classification and Treatment of Classes of Claims and Interests

**2.1 Class 1: Administrative Claims**.

**2.1.1** **Distribution Agent**: Trustee shall pay the Class 1 claims from Plan Payments.

**2.1.2** **Description**: The administrative claims are the costs and expenses associated with this bankruptcy allowable under 11 U.S.C. §§ 503, 506, and 507, and entitled priority under 11 U.S.C. § 507(a)(2), including the Trustee Compensation and any Court-approved fees or reimbursements of counsel for the Debtor.

**2.1.3** **Treatment**: The Trustee shall pay all allowed administrative claims from Plan Payments. Debtors' counsel will apply for the approval of its attorney's fees and expense reimbursement as an administrative claim and estimates that such claim will be $45,000.00 over the Plan Period.[1]

---

[1] The Debtors provide this *estimated* potential administrative claim amount for informational purposes only, but the Debtors and Debtors' counsel reserve all rights to seek approval of an administrative claim, subject to Court review, in whatever amount that is appropriate based on the time expended, services provided, expenses advanced, and any

**2.2 Class 2: Other Priority Claims**.

        **2.2.1**   **Distribution Agent**: Trustee shall pay the Class 2 claims from Plan

Payments.

        **2.2.2**   **Description:** This Class 2 includes parties with allowed priority claims

under 11 U.S.C. § 507(a) other than Class 1 administrative claims.

        **2.2.3**   **Treatment**: To the extent that any allowed priority claims are filed, the

Trustee shall satisfy such claims in full through distributions from Plan Payments.

**2.3 Class 3: Secured Claim of Internal Revenue Service Secured by All Assets of the Debtors.**

        **2.3.1**   **Distribution Agent**: Trustee shall pay the Class 3 claims from Plan

Payments.

        **2.3.2**   **Description**:  Class 3 is comprised of the secured claim of the Internal

Revenue Service.

        **2.3.3**   **Treatment**: The Internal Revenue Service will be paid its allowed secured

claim in accordance with the terms below.

| Creditor | Collateral | Estimated Secured Claim | Payment Terms |
|---|---|---|---|
| Internal Revenue Service | All Assets of the Debtors | $40,795.08 | Shall be paid the allowed secured claim with 8% interest over 48 months in monthly estimated payments of $995.93. |

other relevant considerations.  The ultimate allowed administrative expense claim or claims that may be allowed by the Court may be less or more than the estimated amount indicated and would impact the total distributions otherwise estimated to be paid to allowed Class 9 general unsecured claimants.

**2.4 Class 4: Claims of Benchmark Community Bank and NewRez LLC d/b/a Shellpoint Mortgage Servicing Secured by Real Estate.**

 **2.4.1 Distribution Agent**:  The Debtor, by and through the settlement agent for the closing of the OSF Transaction, shall pay the claims in Class 4 consistent with the terms of the Sale Order from the sale proceeds of the OSF Transaction.

 **2.4.2 Description**: This class consists of the following secured claims: Benchmark Community Bank ("**Benchmark**"), POC No. 9, in the amount of $1,918,476.14, and NewRez LLC d/b/a Shellpoint Mortgage Servicing ("**SMS**"), POC No. 14, in the amount of $253,808.74.

 **2.4.3 Treatment**:  Consistent with the Sale Order, the following distributions shall be completed at the settlement of the OSF Transaction:

| Creditor | Payment Terms |
|---|---|
| Benchmark | Shall be paid the amount of $1,947,746.53 (through 11/15/2024), plus interest accruing at $267.73 per day, in full satisfaction of its secured claim. |
| SMS | Shall be paid the amount of $256,202.91 (through 11/10/2024), plus interest accruing at $30.22 per day, in full satisfaction of its secured claim. |

**2.5 Class 5: Claims of Truist Bank (three claims) Secured by the Contracted Real Estate and the Remaining Real Estate.**

 **2.5.1 Distribution Agent**:  To the extent that the Class 5 claims are secured by the Contracted Real Estate, the Debtor, by and through the settlement agent for the closing of the OSF Transaction, shall pay the Class 5 claims the amount indicated in paragraph 2.5.3.1 below

consistent with the terms of the Sale Order from the sale proceeds of the OSF Transaction.  To the extent that the Class 5 claims are secured by the Remaining Real Estate or are allowed general unsecured claims, the Chapter 12 Trustee shall pay the Class 5 claims as required in paragraphs 2.5.3.2 and 2.5.3.3 below.

**2.5.2** **Description**: This class consists of the following secured claims: Truist Bank, POC No. 11, in the amount of $922,042.21, Truist Bank, POC No. 12, in the amount of $325,121.20, and Truist Bank, POC No. 13, in the amount of $571,753.98 (collectively the "**Truist Claims**").

**2.5.3** **Treatment**:

**2.5.3.1 Truist Claims As Secured By Contracted Real Estate**. Consistent with the Sale Order, the remaining net proceeds of sale from the OSF Transaction after payment of Benchmark and SMS, in an amount of not less than $100,000.00, shall be paid to Truist Bank to be applied toward the Truist Claims.

**2.5.3.2 Truist Claims As Secured By the Remaining Real Estate.**  The Debtors shall file a separate motion: (a) to void the judicial liens of Truist Bank as to the Remaining Real Estate under § 522(f) as the liens impair an exemption to which the Debtors would otherwise be entitled in the Remaining Real Estate, and (b) to determine the amount of the allowed secured claim of Truist Bank as to the Remaining Real Estate.  The allowed secured claim of Truist Bank as to the Remaining Real Estate as determined by such motion is estimated to be $8,675.00 and shall be paid to Truist Bank with 6% interest over 48 months.

**2.5.3.3 Truist Unsecured Claim**.  The balance of the Truist Claims remaining after the payments noted in the foregoing paragraphs 2.5.3.1 and 2.5.3.2 (the "**Truist**

**Unsecured Claim**") shall be wholly unsecured and treated as Class 9 general unsecured claims

and paid under the terms of Class 9.

**2.6 Class 6: Claim of Harvey Fertilizer and Gas Co. Secured by the Contracted Real Estate and the Remaining Real Estate.**

**2.6.1   Distribution Agent**:  Trustee shall pay the Class 6 claim in accordance with the terms of Class 9 from Plan Payments.

**2.6.2   Description**: This class consists of the claim of Harvey Fertilizer and Gas Co., POC No 4, in the amount of $1,006,897.45 (the "**Harvey Claim**").

**2.6.3   Treatment**:

**2.6.3.1 Harvey Claim as Secured By the Contracted Real Estate**. Upon the closing of the OSF Transaction and pursuant to the Sale Order, the judgment lien of Harvey Fertilizer and Gas Co. that is the basis of the Harvey Claim shall be removed from the title to the Contracted Real Estate and impressed upon the sale proceeds.  Upon the settlement of the OSF Transaction, no sale proceeds shall remain to which the Harvey Claim may attach after the required distributions to the Class 4 and Class 5 claimants are completed by the settlement agent. As such and pursuant to § 506(a), the Harvey Claim shall be wholly unsecured as to the Contracted Real Estate and treated as Class 9 general unsecured claims and paid under the terms of Class 9.

**2.6.3.2 Harvey Claim as Secured By the Remaining Real Estate**.  The Debtors shall file a separate motion to void in full the judicial lien of Harvey Fertilizer and Gas Co. as to the Remaining Real Estate under § 522(f) as it impairs an exemption to which the Debtors would otherwise be entitled in the Remaining Real Estate.  Upon entry of an order

voiding its judicial lien in full, the Harvey Claim shall be wholly unsecured as to the Remaining

Real Estate and treated as Class 9 general unsecured claims and paid under the terms of Class 9.

**2.7 <u>Class 7: Claim of M&T Bank Secured by Motor Vehicle.</u>**

**2.7.1   Distribution Agent**: As described below, the Trustee shall pay any

allowed pre or post-petition arrearage claims in Class 7 from Plan Payments, and the Debtors

shall pay directly to the creditor the regular monthly contractual payments from their income.

**2.7.2   Description**:  Class 7 is comprised of the claim of M&T Bank, POC No.

8, in the amount of $27,879.47.

**2.7.3   Treatment**: The creditor listed below will be paid directly by the Debtors

pursuant to the contract without modification, except that any allowed claim for arrearages, both

pre-petition and post-petition, if any, will be paid by the Trustee pro rata with other secured

claims as indicated below, without interest.

| Creditor | Collateral | Estimated Arrearage | Arrearage Interest Rate | Payment Terms for Arrears | Regular Contract Payment |
|---|---|---|---|---|---|
| M&T Bank (POC No. 8) | 2017 Toyota Sienna | $705.29 | 0% | Pro rata | $705.29 per month |

**2.8 <u>Class 8: Claims by a Governmental Unit of a Kind Described in § 1232(a).</u>**

**2.8.1   Disbursement Agent**: Trustee shall pay from Plan Payments the allowed

Class 8 claims in accordance with the treatment of Class 9 claims.

**2.8.2    Description**:  This Class 8 includes any governmental unit with an allowed unsecured claim against the Debtors or the estate that arises before the filing of the petition, or that arises after the filing of the petition and before the Debtors' discharge under § 1228, as a result of the OSF Transaction or any other sale, transfer, exchange, or other disposition of any property used in the debtor's farming operation (the "**Section 1232 Claims**").

**2.8.3    Treatment**: Each Section 1232 Claim shall be treated as an unsecured claim arising before the date on which the petition is filed; shall not be entitled to priority under § 507 and shall be discharged in accordance with § 1228.  Allowed Section 1232 Claims shall be paid pro rata without interest in the same manner as the Class 9 General Unsecured Claims.

**2.9 Class 9: General Unsecured Claims**

**2.9.1    Disbursement Agent**: Trustee shall pay the Class 9 claims from Plan Payments.

**2.9.2    Description**:  Allowed non-priority general unsecured claims.

**2.9.3    Treatment**: Allowed non-priority general unsecured claims, including the Truist Unsecured Claim, the Harvey Claim, and any Class 8 claims, shall be paid pro rata from Plan Payments after completion of distributions to all other classified and unclassified claims. The Nongovernmental Bar Date for Proofs of Claim passed on November 4, 2024, and the Debtors estimate a total of $3,361,392.92 in total claims to be paid under the terms of Class 9.

**ARTICLE III**

**Executory Contract and Unexpired Leases**

Unless specified below, all executory contracts and unexpired leases listed are rejected.

Pursuant to Fed. R. Bankr. Proc. 3002(c)(4), any claim for rejection damages must be filed within 60 days after the Effective Date.

| Name of Counter Party to Contract or Lease | Description of Contract or Lease |
|---|---|
| RPM Farms LLC | Debtors provide farming-related services in exchange for compensation. |
| Ole South Farms LLC | Real Estate Sales Contract |
| SolAmerica Energy, LLC | Option to purchase portion of Real Estate |
| Wall Residences | Family Provider Services |

## **ARTICLE IV**

### **Other Provisions**

A.    **Effective Date**. The effective date (the "**Effective Date**") of this Plan shall be the date the Order Confirming Plan becomes final.

B.    **Vesting**.  Property of the estate shall revest in Debtors on the Effective Date of the Plan as provided by 11 U.S.C. § 1227(b).

C.    **Allowance of Claim**.  The actual payments to be made under this Plan will be based upon the allowed amount of each claim. The claim amounts reflected herein are estimates based upon information available to Debtor. Pursuant to 11 U.S.C. § 502(b), the allowed amount of each claim will be the amount reflected in the proof of claim to which no objection is filed. If

Debtors file an objection to a creditor's claim, the allowed amount shall be the amount

determined by a final order of the Court.

D. **Sale of Personal Property**. The Debtors may sell any personal property that it

determines in its business judgment to be unnecessary to the reorganization of the Debtor, up to

$5000.00 in value, without seeking further authorization from the Court. After paying the costs

of such sale, the proceeds of the sale will be applied to any liens of record against such property,

and any remainder will be held by the Debtors and may be utilized to satisfy Plan Funding.

November 25, 2024

Respectfully submitted,

/s/ Glenn Randolph Moore                    /s/ Jennifer Michelle Ferguson Moore
Glenn Randolph Moore                        Jennifer Michelle Ferguson Moore

**EXHIBIT A**

**Debtors' Budget Projections: Amended Schedules I and J**

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Glenn** | **Randolph** | **Moore** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Jennifer** | **Michelle Ferguson** | **Moore** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Eastern District of Virginia**

Case number    **24-33168**
(if known)

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☐ Employed ☑ Not Employed | ☑ Employed ☐ Not Employed |
| **Occupation** | | **Self-employed (but going to pay self as W-2)** |
| **Employer's name** | | **Innovative Forensic Investigations LLC** |
| **Employer's address** | | **300 S Main St** |
| | Number Street | Number Street |
| | | |
| | | |
| | City      State      Zip Code | **Emporia, VA 23847-2028** |
| | | City      State      Zip Code |
| **How long employed there?** | _____ | **5 years** |

## Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. **$0.00** | **$2,917.00** |
| 3. | **Estimate and list monthly overtime pay.** | 3. + **$0.00** | + **$0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. **$0.00** | **$2,917.00** |

Debtor 1    **Glenn          Randolph          Moore**

Debtor 2    **Jennifer        Michelle Ferguson    Moore**                      Case number *(if known)* **24-33168**

  First Name        Middle Name        Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here**.......................................................➔ | 4. | $0.00 | $2,917.00 |
| 5. | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $0.00 | $416.00 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| | 5e. **Insurance** | 5e. | $0.00 | $0.00 |
| | 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| | 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| | 5h. **Other deductions.** Specify: _____ | 5h. | + $0.00 | + $0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $0.00 | $416.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $0.00 | $2,501.00 |
| 8. | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| | 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| | 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| | 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: **See additional page** | 8f. | $0.00 | $10,833.40 |
| | 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| | 8h. **Other monthly income.** Specify: **See additional page** | 8h. | + $5,000.00 | + $3,333.00 |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $5,000.00 | $14,166.40 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $5,000.00 + $16,667.40 | = $21,667.40 |

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____     11. + $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies     12. $21,667.40

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☑ Yes. Explain:    **Ms. Moore's business, Innovative Forsensic Investigations, LLC, has recently resumed full operations but does not expect to be able to pay Ms. Moore until the end of 2024 or thereafter. At this time, she intends to set herself up on payroll at the estimated amounts above starting 1/1/25.**

Official Form 106I     Schedule I: Your Income     page 2

| Debtor 1 | **Glenn** | **Randolph** | **Moore** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Jennifer** | **Michelle Ferguson** | **Moore** | Case number *(if known)* | **24-33168** |
| | First Name | Middle Name | Last Name | | |

| | Amount |
|---|---|
| **8f. Other government assistance that you regularly receive For Debtor 2 or non-filing spouse** | |
| **Other Government Assistance - for disabled daughter (via Wall Residence)** | **$10,126.15** |
| **Other Government Assistance - Housing from daughter's soc sec** | **$707.25** |
| **8h. Other monthly income For Debtor 1** | |
| **Contract farm-related work for RPM Farms** | **$5,000.00** |
| **8h. Other monthly income For Debtor 2 or non-filing spouse** | |
| **Contract farm-related work for RPM Farms** | **$3,333.00** |

Official Form 106I                    **Schedule I: Your Income**                    page **3**

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Glenn** | **Randolph** | **Moore** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Jennifer** | **Michelle Ferguson** | **Moore** |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    **Eastern District of Virginia**

Case number    **24-33168**
(if known)

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses                                    **12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**
   　　☑ No
   　　☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☑ Yes. Fill out this information for each dependent...............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 31 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |
| | | ☐ No. ☐ Yes. |
| | | ☐ No. ☐ Yes. |
| | | ☐ No. ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* **(Official Form 106I.)**

| | | **Your expenses** |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | **$0.00** |
| **If not included in line 4:** | | |
| 4a.  Real estate taxes | 4a. | **$0.00** |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | **$375.00** |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | **$100.00** |
| 4d.  Homeowner's association or condominium dues | 4d. | **$0.00** |

Official Form 106J                               **Schedule J: Your Expenses**                               page **1**

| Debtor 1 | **Glenn** | **Randolph** | **Moore** |
|---|---|---|---|
| Debtor 2 | **Jennifer** | **Michelle Ferguson** | **Moore** |
| | First Name | Middle Name | Last Name |

Case number *(if known)* **24-33168**

| | | | **Your expenses** |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $437.00 |
| | 6b.  Water, sewer, garbage collection | 6b. | $0.00 |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $0.00 |
| | 6d.  Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $1,000.00 |
| 8. | **Childcare and children's education costs** | 8. | $9,114.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $150.00 |
| 10. | **Personal care products and services** | 10. | $100.00 |
| 11. | **Medical and dental expenses** | 11. | $250.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $175.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  **Quarterly income taxes, pro rated** | 16. | $2,500.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1  **2017 Toyota Sienna Handi Van** | 17a. | $705.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **Glenn** | **Randolph** | **Moore** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Jennifer** | **Michelle Ferguson** | **Moore** | Case number *(if known)* | **24-33168** |
| | First Name | Middle Name | Last Name | | |

21. **Other.** Specify: **Haircare, grooming**　　21.　+　**$135.00**

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.　　22a.　**$15,541.00**

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2　　22b.　**$0.00**

    22c. Add line 22a and 22b. The result is your monthly expenses.　　22c.　**$15,541.00**

23. **Calculate your monthly net income.**

    23a. Copy line 12 (your combined monthly income) from *Schedule I.*　　23a.　**$21,667.40**

    23b. Copy your monthly expenses from line 22c above.　　23b.　−　**$15,541.00**

    23c. Subtract your monthly expenses from your monthly income.
        The result is your *monthly net income.*　　23c.　**$6,126.40**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.
☑ Yes.　　Explain here:
The Debtors' son is permitting the Debtors to live in their former residence (being sold to the son's entity, Ole South Farm LLC) rent-free.