**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

---------------------------------------------------------------

In re:                                                    :
                                                          :
GLENN RANDOLPH MOORE                     :         Case No. 24-33168
JENNIFER MICHELLE FERGUSON MOORE,   :         Chapter 12
                                                          :
        Debtors.                                       :

---------------------------------------------------------------

**MOTION TO WITHDRAW AS COUNSEL AND TO EXTEND**
**DEADLINE ESTABLISHED BY ORDER ENTERED JANUARY 13, 2026**

David Cox, and Cox Law Group, PLLC, counsel for the Debtors, Glenn Moore and

Jennifer Moore (the "Debtors"), respectfully moves this Court for entry of an order (i) permitting

withdrawal as counsel and (ii) extending the deadline established by prior order of this Court,

and in support thereof states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

4.      On August 26, 2024, the Debtors filed a voluntary petition under Chapter 12 of

the Bankruptcy Code.

5.      On November 25, 2024, the Debtors filed their Chapter 12 Plan.

David Cox VSB 38670
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434/845-3838 (direct)
434/845-3838 (facsimile)
david@coxlawgroup.com
*Counsel for the Debtors*

6. The Court confirmed the Debtors' Chapter 12 Plan by order entered April 17, 2025.

7. The Debtors have attempted to perform under the confirmed plan since confirmation.

8. Subsequent to confirmation, the Debtors divorced.

9. The Chapter 12 Trustee filed a motion to dismiss the case, and the Debtors have worked cooperatively with the Trustee to address issues raised therein.

10. The Court has entered a series of orders continuing the Trustee's motion to dismiss, including orders entered October 28, 2025, and January 13, 2026.

11. The January 13, 2026 order, entered with the consent of the Trustee, requires that on or before March 31, 2026, the Debtors must: Cure all plan defaults; Modify the plan pursuant to 11 U.S.C. § 1229; Convert the case; or Seek a hardship discharge pursuant to 11 U.S.C. § 1228(b).

12. The matter is currently scheduled for further hearing on May 20, 2026, at 9:30 a.m.

**WITHDRAWAL OF COUNSEL**

13. In recent weeks, the Debtors and counsel have met to determine how to proceed in light of the Court's deadline and the Debtors' changed circumstances.

14. It has become apparent that a conflict of interest has arisen between the Debtors such that undersigned counsel can no longer effectively represent both parties.

15. Continued joint representation is no longer permissible under applicable ethical rules.

16. If permitted to withdraw, undersigned counsel will not continue to represent either

Debtor in this matter.

17. The Debtors have been notified in writing of counsel's intent to withdraw.

18. Counsel will continue to represent the Debtors until entry of an order of this Court permitting withdrawal.

19. Accordingly, undersigned counsel respectfully requests entry of an order permitting withdrawal.

### REQUEST TO EXTEND DEADLINE

20. Counsel has a duty to take reasonable steps to avoid foreseeable prejudice to the Debtors upon withdrawal.

21. The current deadline of March 31, 2026, requires significant legal action, including potential plan modification, conversion, or pursuit of a hardship discharge.

22. In light of the withdrawal of counsel and the need for the Debtors to obtain separate representation or otherwise determine how to proceed, strict enforcement of the current deadline would materially prejudice the Debtors.

23. The next scheduled hearing in this case is May 20, 2026, at 9:30 a.m.

24. Extending the March 31, 2026 deadline to May 20, 2026 will: (a) allow the Debtors time to obtain new counsel; (b) permit informed decision-making regarding their options; and (c) promote efficient administration of the case.

25. This requested relief is procedural in nature and will not unduly prejudice any party in interest.

26. No continuance of any currently scheduled hearing is requested by this Motion.

### NOTICE / POSITION OF TRUSTEE

27. Counsel has conferred with the Chapter 12 Trustee regarding the relief requested

herein. Counsel understands that the Trustee consents to the extension of the deadline requested herein and does not object to the withdrawal of counsel.

WHEREFORE, counsel respectfully requests that this Court enter an order substantially in the form of the attached Exhibit A or as otherwise determined by the Court:

A. Granting leave for undersigned counsel to withdraw as counsel for the Debtors;

B. Extending the March 31, 2026 deadline established by prior order of this Court to May 20, 2026, at 9:30 a.m.; and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

March 19, 2026

GLENN RANDOLPH MOORE
JENNIFER MICHELLE FERGUSON MOORE

By: */s/ David Cox*
Counsel for the Debtors

David Cox (VSB No. 38670)
Cox Law Group, PLLC
900 Lakeside Drive
Lynchburg, Virginia 24501
(434) 845-3838 (direct)
(434) 845-3838 (facsimile)
Email: david@coxlawgroup.com
*Counsel for Debtors*

EXHIBIT A
PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

---

In re:                                              :
                                                    :
GLENN RANDOLPH MOORE                 :        Case No. 24-33168
JENNIFER MICHELLE FERGUSON MOORE,    :        Chapter 12
                                                    :
        Debtors.                                    :

---

**ORDER GRANTING MOTION TO WITHDRAW**
**AS COUNSEL AND EXTENDING DEADLINE**

Upon consideration of the Motion to Withdraw as Counsel and to Extend Deadline (the

"Motion"), and it appearing that cause exists for the relief requested therein, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that David Cox and Cox Law Group are permitted to withdraw as counsel for

the Debtors; and it is further

ORDERED that the deadline established by prior order of this Court requiring action on

or before March 31, 2026, is hereby extended to May 20, 2026; and it is further

ORDERED that the Debtors shall be responsible for proceeding in this case, either pro se

or through newly retained counsel; and it is further

ORDERED that the Clerk shall note the withdrawal of counsel upon entry of this Order.


ENTERED: _____

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on this 19TH day of March, 2026, a true and correct copy of the foregoing Motion to Withdraw as Counsel and to Extend Deadline was served by electronic filing via the Court's CM/ECF system on all registered users; and by First-class mail upon the Chapter 12 Trustee and upon the Debtors at the following addresses (*and to each also by email*):

> Glenn Moore
> 3695 Skippers Road
> Skippers, VA 23879
>
> Jennifer Moore
> P.O. Box 271
> Emporia, VA 23847

Further, I certify that the Debtors were separately notified in writing and through direct consultation of counsel's intent to withdraw.

> /s/ David Cox
> David Cox